## No. 3061.

### EDWARD CONERY *v.* J. W. CANNON, et al.

In March, 1868, judgment was rendered in the United States District Court against the steamboat Magenta, Captain Leathers as principal, and against his sureties on a release bond. The plaintiff was one of the sureties. Leathers desired that an appeal be taken, and that plaintiff, Conery, should sign the appeal bond, but Conery was anxious to be released from said bond and from the appeal bond to be signed, and from all liability on the same. Whereupon, to induce said Conery to sign the appeal bond, the defendants gave the bond on which this suit was brought, and the condition of which was to hold Conery harmless from any and all liability on the two bonds, refund to him any sum he might be compelled to pay by reason of the release and of the appeal bonds, and cause the said bonds to be canceled and annulled within one year, and in default thereof to discharge the claim of the libellant in the suit in which appeal was taken.

Defendants plead want of consideration; but Conery may have thought that his interests would be best subserved, at the time and under the circumstances, by taking such a step as would then secure his recourse against the principal on the return bond upon which judgment was already rendered, and that the delay of an appeal would endanger such recourse and fix absolutely his individual liability. It is to protect him against such contingency and release him from all liability in the matter that the bond was given. It constitutes a valid consideration for an obligation.

The amended answer of the defendants shows that the judgment from which an appeal had been taken was reduced, and, after becoming final, was paid by plaintiff, Conery, who caused himself to be subrogated to the rights of the libellant. This does away with the plea of the defendants that the suit was premature, inasmuch as nothing had been paid by plaintiff at the time of the instituting of said suit. The defect was cured if it existed.

Under the stipulations of defendants' bond, plaintiff was not compelled, before he pursued them for the reimbursement of what he had paid, to exhaust all recourse against the principal on the release bond.

APPEAL from the Fifth District Court, parish of Orleans. *Leau-mont,* J. *Hornor & Benedict,* for plaintiff and appellee. *R. & H. Marr,* for defendants and appellants.

HOWELL, J. In March, 1868, a judgment was rendered in the United States District Court for twelve thousand dollars and costs against the steamboat Magenta, and against T. P. Leathers, as principal, and E. Conery, J. H. Carter and J. W. Reeve, as sureties on a release bond. From that judgment Leathers desired to take an appeal and desired that Conery should sign the bond for the same, but Conery was desirous of being released from said bond and from the appeal bond, to be signed, and from all liability on the same. Whereupon the defendants in this suit, who became sureties on the appeal bond, gave to Conery the bond on which this suit is brought. The condition of said bond is to hold Conery harmless from any and all liability on the two bonds above referred to, refund to him any sum he might be compelled to pay by reason of said bonds, and cause the same to be canceled and annulled within one year, and in default thereof to pay to him a sufficient sum to discharge the claim of the libellant in the suit to be appealed.

The defendants contend, first, that the obligation sued on was without a consideration because the consideration expressed in the petition and the bond sued on was that Conery would sign the appeal bond,

which there was no necessity that he should do, and the act of signing imposed no new nor greater obligation on him, being bound whether he signed or not; and they refer to 5 R. 60; 11 An. 113; 2 How. 240. These authorities, as well as others, hold that it is unnecessary for the appellant to sign the appeal bond, it being enough that it be signed by a sufficient surety. But in this case Conery wished to be released from his liability on the release bond on which he was surety, and on which judgment was rendered against him with his principal and cosureties, and it was to protect him from such liability that the bond, now in suit, was given to him by the defendants. They expressly bound themselves to hold him (in the language of the bond) "harmless from any and all liability on said bonds, and to refund to him any sum of money he may be compelled to pay by reason of said bonds, and cause said bonds to be canceled within one year from the date hereof, and in default thereof shall pay into his hands a sum of money sufficient to pay and satisfy any and all claims of the said libellant, at the end of one year from date hereof." This refers to the release and appeal bonds.

Conery may have thought that his interests would best be subserved at the time and under the circumstances, by taking such a course as would then secure his recourse against the principal on the release bond, upon which judgment was already rendered, and that the delay of an appeal would endanger such recourse and fix absolutely his individual liability. It was to protect him against such contingency and release him from all liability in the matter that this bond was given, and which, in our opinion, constitutes a valid consideration for an obligation.

The defendants next contend that plaintiff has not put them in default and had not, at the institution of this suit, been compelled to pay anything, and hence had no cause of action.

Even supposing the suit may have been premature, as urged, the amended answer of the defendants shows that the judgment, from which an appeal had been taken in the libel suit, was reduced, and after becoming final was paid by plaintiff, Conery, who caused himself to be subrogated to the rights of the libellant.

This, by their own showing, put him in a position to demand of them the obligation of their bond to refund to him the amount so paid. Under the stipulations of said bond he was not compelled to exhaust all recourse against the principal on the release bond, before he could pursue them. Upon the record before us they are properly held to a performance of the obligations of their bond in favor of plaintiff.

Judgment affirmed.

Rehearing refused.